JOHN J. FLEMING et ux.

*v.*

THE FLEMING HOTEL COMPANY.

[Decided August 9th, 1905.]

1. A judicial sale, properly advertised, will not be set aside simply because a higher price can be obtained for the property unless the price bid is so grossly inadequate as to amount to a fraud.

2. Where a corporation in the hands of a receiver was hopelessly insolvent, and at the time of a receiver's sale of its assets it did not appear that there was any capital present or obtainable by further contributions, to enable a resumption of its business, it was not an abuse of the receiver's discretion to refuse to adjourn the sale at the request of counsel representing ninety-seven per cent. of the creditors, and all the stockholders, on the ground that an agreement had been made by a large part of the creditors for an extension of time, and the sale will be confirmed.

On bill for receiver. On motion to confirm sale.

*Mr. John T. Van Cleef,* receiver, *pro se.*

*Mr. John H. Backes, Mr. Edwin Robert Walker* and *Mr. Harry C. Valentine,* for the stockholders and creditors.

*Mr. Alvah A. Clark,* for the purchasers.

BERGEN, V. C.

The receiver, having sold the property of the defendant, an insolvent corporation, and reported the same to the court, obtained an order requiring all parties interested to show cause why the sale should not be confirmed, and upon the return of this order, creditors and stockholders have presented objections, which I am now to consider and dispose of. The objections, ten in number, may be segregated as follows: That the receiver arbitrarily, without exercising reasonable discretion, and in abuse of his legal duty, refused to adjourn the sale upon the application of the creditors and stockholders; that the price obtained was grossly inadequate, there being but a single bid, and no bidders present save the purchasers; that the leasehold interest of the defendant company included in the sale was in dispute, and the property sold uncertain in quality and quantity, of which prospective purchasers could not and did not have full knowledge; that the property was sold as a whole without offering the same in parcels. When the receiver was appointed the defendant corporation was carrying on a hotel business in leased premises, and its assets consisted of the leasehold right, furniture

and other personal property necessary to carry on such a business, and a small stock of liquors and cigars. That the corporation then was, and still continues to be, hopelessly insolvent is not disputed, the assets being appraised at about $7,500, and the debts variously estimated from $15,000 to something over $20,000. Since the appointment the receiver has been subjected to litigation instituted by creditors claiming to have rights superior to the general class of creditors, which has been resolved in favor of the receiver. I am satisfied that the sale was properly advertised, and, as will hereinafter appear, the creditors had ample notice thereof. The price obtained was $6,000, and if inadequacy of price was the sole ground upon which objection was based it would not, in my judgment, justify me in refusing to confirm this sale, notwithstanding the fact that on the hearing a purchaser was tendered who is now willing to bid $8,000 and to give security for the faithful performance of his offer. If judicial sales, properly advertised, with nearly all parties in interest, stockholders as well as creditors, present, are to be set aside simply because, upon reflection, some other person is willing to bid more, unless the price is so grossly inadequate as to amount to a fraud upon creditors, the attendance and bidding at judicial sales will be discouraged, and a bidder ought not to lose the advantage of his bid simply because another is ready to give a greater sum. *Morrisse* v. *Inglis, 46 N. J. Eq. (1 Dick.) 306.* And it was held in *Bethlehem Iron Co.* v. *Philadelphia and Sea Shore Railway, Co., 49 N. J. Eq. (4 Dick.) 356,* that an advanced offer of $40,000 over the price bid did not disclose such an inadequacy in the price bid as to shock the conscience of the court. In my judgment, under the law relating to this branch of the case, the objection ought not to be entertained.

The most serious reason, and upon which I understand these objectors mainly rely, is the refusal of the receiver to adjourn the sale for two weeks, which they claim, under the circumstances to be disclosed, convicts the receiver of a refusal to exercise such a discretion as the observance of his legal duty required. The result of the litigation referred to made it clearly manifest that, after the payment of preferred claims and the receiver's

costs and expenses, little, if anything, would remain to be applied to the payment of the unsecured claims. On the day advertised for sale, counsel appeared at the place advertised, and after stating to the receiver that they represented at least ninety-seven per cent. of the creditors, secured and unsecured, and all of the stockholders, the latter being the two complainants, who held all of the stock, requested him to adjourn the sale for two weeks upon the ground that nearly all of the creditors had entered into a written agreement, to become effective when ninety per cent. in value had executed the same—which condition, it was alleged, had been fulfilled—by the terms of which they had agreed with the defendant corporation to accept payment of their respective debts, without deduction, in one year from the first day of August, 1905, and bound themselves not to sue or prosecute their said claims until the expiration of the time limited, expressly reserving, however, to the preferred creditors their preference. The object to be attained by such adjournment was an opportunity to apply to this court for an order discharging the receiver and the turning over of the assets of the corporation to it. At the time of the application for adjournment the applicants agreed to pay the debts due to those who had not joined in the agreement, amounting to several hundred dollars, other than the claim of an alleged creditor by the name of Howard, who has presented to the receiver, under oath, a claim amounting to $6,000, which the applicants for adjournment claim has no legal foundation, and which the receiver intends to dispute, although manifestly he cannot ignore it until judicially disposed of. The question thus presented is, did the receiver improperly and unfairly exercise his discretion when he determined to proceed with the sale, and it seems to me this must depend upon the question whether the proposed application to the court, and for which purpose alone an adjournment was sought, had any merit. It clearly appears that the condition of insolvency was to remain. The mere postponement of the date of payment of the obligations of the company in no way removes that objection, nor can the court assume that a business conducted by the same parties who had brought about the condition of insolvency, and

without additional capital, would produce a more favorable condition at the expiration of the time limited, and it must be borne in mind that the action sought contemplated the ignoring of the claim presented by Howard.

The application which it was proposed to make to the court finds its support in the sixty-ninth section of the General Corporation act (*P. L. 1896 p. 300*), which provided that whenever after the appointment of a receiver it appears

"that the debts of the corporation have been paid or provided for, and that there remains, or can be obtained by further contributions, sufficient capital to enable it to resume its business, the court of chancery may, in its discretion, a proper case being shown, direct the receiver to reconvey to the corporation all its property."

It was not made to appear, either to the receiver or to the court, on the argument, that the debts had been paid or provided for, for I think it doubtful whether the words "provided for" are answered by the extension of the time of payment, but rather that the payment should be provided for. There is, however, a more serious and to me insurmountable objection, in that it was not made to appear that there was any capital present, or obtainable by future contributions, to enable a resumption of this business with safety to the public and advantage to the stockholders. Such jurisdictional facts being absent, the purpose for which the adjournment was sought would have been fruitless, and I cannot discover in what manner these applicants would have been benefited by an adjournment. It was further objected that the leasehold interest was in dispute, but this objection lacks merit, because on the day of sale the right to sell the leasehold interest had been adjudicated, and the propriety of the adjudication is only questioned by one of these applicants, and the situation was known to all bidders, and if there was any failure to realize the utmost price, it was due to the cloud put upon the title by the very parties now complaining. As to the other objection, that the property was sold as a whole, I see no reason to question the propriety of the receiver's action. The value of the articles was naturally enhanced by the fact that in purchasing them the buyer was securing a business for which

they were appropriate, and there is no reason to believe, at least there is no evidence to support it, that these household goods would have realized a greater sum if sold as separate articles to be removed from the leasehold premises, their use in connection therewith being necessary, and I cannot say, under the affidavits, that the receiver did not exercise an intelligent discretion.  The articles sold were of an entirely different class from those under consideration in *Ryan* v. *Wilson,* 64 *N. J. Eq.* (*19 Dick.*) 797. Nor is the difference between the appraised value and price obtained as radical as in that case.

It is proper to add that the business was not one which this court ought to continue any longer than was necessary to properly advertise and dispose of it as a going concern, and it further appeared that it was being run by the receiver at a loss, a consideration which made it his duty to promptly dispose of it at a fair sale, and thus save the creditors from further loss.

I will recommend that the sale be confirmed.