FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN,
JOHN E. FOSTER AND MERRITT LANE, VICE-
CHANCELLORS.

---

HENRY W. BULL et al.

*v.*

INTERNATIONAL POWER COMPANY.

[Decided September 26th, 1916.]

1. Under section 69 of the Corporation act (Revision of 1896), *P. L.*
*p. 306*, the property, franchises, rights and effects of a corporation should
not be reconveyed to it unless its debts have been paid or their actual
payment provided for, and the acquisition of such debts by assignment
from the debtors to those who thereby become merely substituted credi-

1

tors, does not make a proper case, moving the court in the exercise of sound discretion, to direct the receiver to reconvey to the corporation its property and franchises.

2. When a corporation would repossess itself of its property and resume its business under section 69 of the Corporation act, *supra,* corp rate action looking to that end is required; and the owners of a majority of the stock, who have acquired the debts against the company, cannot, in the capacity of stockholders only, invoke the aid of the court in behalf of a scheme to rehabilitate the corporation.

3. The court, upon proper application, will permit a corporation, while it is in the hands of a receiver, to take appropriate action looking to the restoration of its property.

4. When application is made for the restoration of its property and the discharge of a receiver of a hopelessly insolvent corporation, under section 69 of the Corporation act, *supra,* its debts not having been paid, the acquisition by purchase of the claims of the creditors by those who in turn become themselves the creditors of the company to the full amount of its debts, is not a provision for the payment of the debts of the insolvent corporation and does not make a proper case for relief under the act.

5. As holding corporations can no longer be formed under the laws of this state, such a company when insolvent and in the hands of a receiver, will not have its property restored to it with a view to its resuming business in a doubtful case, public policy forbidding such action.

6. The rule against characterizations, hearsay, conclusions and argumentative statements in evidence applies as well to *ex parte* affidavits as to testimony given in open court.

On application of Dominion Mining and Manufacturing Corporation for restoration of its property to defendant corporation and for discharge of receiver.

*Messrs. Collins & Corbin,* for the motion.

*Messrs. Vroom, Dickinson & Bodine* and *Mr. Robert H. Mc-Carter, contra.*

WALKER, CHANCELLOR.

The defendant company was adjudged to have been conducting its business at great loss and greatly prejudicial to the interests of its creditors and stockholders, and also to be insolvent, and General Sadler was appointed receiver for it by this court. The company has not yet been wound up and the receiver is still in the discharge of his duties. A petition has been presented by

the Dominion ·Mining and Manufacturing Corporation, a body corporate of the State of Virginia, in which it represents that it has acquired a large majority of the shares of the preferred and common stock of the defendant, International Power Company, and offers to lend to the company on its promissory notes at six per cent. such part of $250,000 as may be necessary to pay or provide for the debts of the company and such expenses of, and compensation for, the receiverships in this state and in the State of New York as may be payable by the company, and for capital to enable it to resume its business. It is pertinent to remark that a receiver was appointed for the International Power Company by the supreme court of New York, upon the application of the American and British Manufacturing Company, one of the subsidiaries of the International Power Company, the defendant corporation.

The statute under which the present petition has been preferred is section 69 of the Corporation act (Revision of 1896, *P. L. p. 300*), which reads:

"Whenever a receiver shall have been appointed as aforesaid and it shall afterwards appear that the debts of the corporation have been paid or provided for, and that there remains or can be obtained by further contributions sufficient capital to enable it to resume its business, the court of chancery may, in its discretion, a proper case being shown, direct the receiver to reconvey to the corporation all its property, franchises, rights and effects, and thereafter the corporation may resume control of and enjoy the same as fully as if the receiver had never been appointed; and in every case in which the court of chancery shall not direct such reconveyance, said court may, in its discretion, make a decree dissolving the corporation and declaring its charter forfeited and void."

I have been pointed to but one case in which this section of the Corporation act has been construed, and that is *Fleming* v. *Fleming Hotel Co., 70 N. J. Eq. 509.* There a receiver refused to adjourn an advertised public sale of the assets of a hopelessly insolvent corporation at the request of ninety-seven per cent. of the creditors and all of the stockholders. They set up that an agreement had been made by a large number of the creditors for an extension of time for the payment of the company's debts. At the time of sale it did not appear that there was any capital, present or obtainable by further contributions, to enable the re-

sumption of the company's business. The sale was had and confirmed. Vice-Chancellor Bergen, in deciding the matter, observed that it did not appear that the debts had been paid or provided for, and he thought it doubtful whether the words "provided for" were answered by the extension of time of payment, but rather that payment itself should be provided for.

It should be observed that on the hearing of this matter it appeared that the $250,000 was not sufficient to pay the debts of the International Power Company, which had increased by reason of expenses of receiverships, &c., and the aggregate sum which the Dominion Mining and Manufacturing Corporation was willing to lend · was increased to a sum not to exceed $300,000.

The statute, as already seen, provided that when the debts of the corporation not having been actually paid, but their payment being provided for—that is, provision for payment having been made, and there remains or can be obtained by further contributions, sufficient capital to enable it to resume its business, this court may, in its discretion, a proper case being shown, direct a reconveyance of the property.

This statute, it seems to me, looks to action by the corporation itself in an endeavor to repossess itself of its property and resume its business. There has been no corporate meeting here and no action taken by the company to this end. The endeavor appears to be one by a coterie of capitalists to obtain control of the American and British Manufacturing Company, a majority of whose stock is owned by the International Power Company, which is a holding corporation, so called.

In my opinion, corporate action is required by an insolvent company that would resume its business under the scheme provided by section 69 of the Corporation act. It is not an answer to say that the corporation is in the hands of a receiver and its officers are enjoined from exercising any of its · privileges or franchises. In such circumstances the court, upon proper application, would permit the board of directors to take appropriate action looking to the discharge of the receiver and the restoration of the company's property and franchises. See *Lehigh Coal and Navigation Co.* v. *Central Railroad Co., 5 N. J.*

*L. J. 214.* Chancellor Runyon said in that case (at *p. 217*) that should the court deem it advisable to turn over the property to the company, the stockholders must receive it by the hands of the board of directors.

Nor is it any. answer to say that the parties preferring the present petition own a majority of the stock of the defunct corporation, and that, therefore, they would control the directors to the end which they desire; for in a meeting of a board of directors there may be a dissenting member whose arguments might convince the majority of the unwisdom of their proposed action. *Holcombe* v. *Trenton White City Co., 80 N. J. Eq. 122; affirmed, 82 N. J. Eq. 364.* It is to be observed in this connection, that while a majority of the stockholders desire the discharge of the receiver and the restoration of the company's property, a minority of the stockholders protest and declare that it is unwise under all the circumstances to permit such action to be taken. Now, at a meeting of the board of directors, one or more members of that body might protest and convince the majority that the company should be wound up. What the result in such a meeting of the directors of the International Power Company would be I cannot know, but certainly such an application as the one before me should only be made through proper corporate channels after an opportunity has been afforded to thoroughly canvass the matter by the directors, at least, and, probably, by the stockholders also. In other words, it seems to me it would be unwise for the board of directors of an insolvent corporation in the hands of a receiver to petition for a restoration to the corporation of its assets, looking to a resumption of its business, without canvassing the stockholders as to their desire in the premises; for the court, in the end, has to pass upon the whole matter, and it must at least be shown that the corporation itself is desirous of resuming business, not merely that a majority of the stockholders are. In other words, it should appear that the company itself, after formal and deliberate corporate action, is desirous of resuming its business; not that resumption should be thrust upon it. However, this question was not raised in the argument before me, and I will, therefore, proceed to dispose of this matter on its merits.

The defendant, International Power Company, like the Fleming Hotel Company, is hopelessly insolvent. When the receiver was appointed it had "book assets" of millions, comprised of the capital stock of other corporations, none of which had paid a dividend for years, and had debts totaling, in round numbers, a quarter of a million dollars. This condition has continued and grown worse. The debts of the corporation have not been paid; nor have they been provided for in any true sense. "Provided for," as used in the act of the legislature, means *payment* provided for. In no true sense are the debts of a corporation provided for when their present liquidation simply consists in their discharge by persons who acquire them, and, in turn, become creditors of the corporation in the place of those whose debts have been assigned to them. To discharge the receiver and restore the International Power Company's property to it would be to put it in exactly the same plight in which it was when it was adjudged insolvent and the receiver appointed. To say that this meets the requirements of the statute and makes "a proper case" for the discharge of the receiver and the restoration to the insolvent corporation of its property and franchises, seems to me illogical. Nor have I overlooked the binding promise of the petitioner to forego the collection of the debts for a certain period—that is, to give the company an extension of time for their payment.

I have no hesitation whatever in concluding that a proper case has not been shown under the statute, and that the application should be denied.

This is not all. There is another cogent reason for its denial. Since February 19th, 1913, a corporation having for its object the holding of stocks and bonds of other corporations could not be formed under the laws of this state. *P. L. 1913 p. 32.* Public policy forbids the organization of any such corporation. The legislature makes the public policy of the state. *Earle v. American Sugar Refining Co., 74 N. J. Eq. 751* (at *p. 762*). If the question whether or not this application should be granted were a doubtful one on the facts, it would properly be refused on the ground that to doubt is to deny, but, in addition, considering the ascertained and declared public policy of the state,

I would be moved to deny it, unless the requirements of the act were fully complied with; but, as before remarked, the case on the facts is not one which presents a proper case for the granting of the relief which is sought.

Another thing: The act in question provides that in these cases where the court shall not direct a reconveyance of its prop-. erty to a corporation in the hands of a receiver, it may make a decree dissolving the company and declaring its charter forfeited and void. The respondents in this matter applied for this on the hearing. I see no reason why it should not be done.

Before leaving the subject I think I ought to observe that the affidavits submitted on the pending motion contain some characterizations, hearsay and conclusions, and are somewhat argumentative, when they should have stated only matters of fact, leaving all inferences to be made by way of argument. The same rules, as far as may be, apply to *ex parte* testimony as to that in litigated matters. See *Palmer* v. *Palmer, 22 N. J. Eq. 88; Topfer* v. *Topfer, 68 Atl. Rep. 1071.*

An order may be entered denying the motion and dissolving the corporation defendant. The respondents are entitled to costs.