THE COURT. Counsel for the defendant applies to the court for a dismissal of the bill of complaint, basing his application upon the opinion of the court of errors and appeals in theAchtel-Stetter Case, recently decided. Counsel for the defendant concedes the insolvency of the defendant corporation. He relies upon the affidavits now filed in behalf of the defendant as indicative that even though the defendant is clearly insolvent nevertheless the defendant has no assets over and above liabilities which would warrant the court in appointing a receiver. In my judgment the Achtel-Stetter Case is not applicable to the instant case. I will advise a decree of insolvency, grant the usual injunction, and appoint as receiver Charles Reinking and fix his bond in the sum of $5,000. It was reported to the court by counsel for the defendant a week ago when this matter was then brought to the court's attention, that the defendant's lease for the premises now occupied by it and wherein the defendant's business is conducted was of the value of $50,000. I questioned counsel with respect thereto at the time, stating that I could hardly believe such lease was worth such a sum of money, but he *Page 51 
ardently persisted in his insistence that it was worth that much money. I am now taking into consideration the statement of such counsel. I cannot appreciate that he intended wittingly to deceive the court in such respect. Consequently, if the lease were of any such value or if it be really valuable, the value thereof added to the assets of the defendant corporation clearly indicate to me that the defendant has ample assets which should be cared for by the receiver for the benefit of all parties in interest. It was also stated to the court by counsel for the defendant when this matter was before me previously, and I see no mention thereof in the affidavits now presented to me, that the defendant has been in bad financial condition since the latter part of last year, thus verifying one or more of the allegations of the complainant's bill in such respect. It was stated in court last week by counsel for the defendant that the defendant has been endeavoring to have its creditors grant additional time within which to extricate itself from its financial difficulty. It was represented that most of the creditors of the defendant had agreed to take promissory notes for ten per cent. of their respective claims, in lieu of their full claims, and allow the defendant time within which to make payment of such notes. I observe that one of the affidavits submitted at this time in behalf of the defendant, and I refer to the affidavit of the treasurer of the Journal Square Bank Building Company — owner of the premises which are leased to the defendant — indicates that since last August the defendant has been running along in a very precarious condition. The affidavit indicates that the rent for August, September, October, November and December has been paid piece-meal. As I recall the affidavit, without now particularly referring thereto, it indicates that an arrangement was made between the defendant and its landlord whereby upon the defendant paying to the landlord the sum of $30 per day from the defendant's daily receipts to be applied to its indebtedness to the landlord, the landlord would forego action against the defendant. The affidavit further indicates that notwithstanding such arrangement, and that the defendant by such means made satisfaction to the *Page 52 
landlord of a rental debt of approximately $3,750 due prior to December 31st, 1929, yet there is now due to the landlord by way of rent the sum of $3,584.94. It appears from such affidavit that the payments made during the months of January, February, March and April, 1930, amounted to $2,926.64, leaving the sum of $173.36 of the old account remaining unpaid. The affidavit then recites: "And there remains due and owing to Journal Square Bank Building Company at this time the sum of $3,584.94." The bill of complaint and the affidavits submitted to me, plus what I have heard from counsel, manifests that the defendant is and has been for months past in a very bad financial plight. It appears that a meeting of creditors was held away back in the latter part of last year and apparently nothing beneficial resulted therefrom. I may say in passing that counsel who now appears in court in behalf of the defendant (Mr. Decker) is not the counsel who appeared in court in behalf of the defendant last week. Mr. Birnbaum was the one who appeared last week. Counsel who now appears for the defendant has indicated by his argument that the court, in view of what he regards to be the rule of law as stated in the Achtel-Stetter Case, which he considers applicable to the instant case, should be prompted to allow a dismissal of the bill of complaint herein. I cannot agree thereto. The bill is a class bill intended for the benefit of not only the complainant but all creditors and stockholders of the defendant. I have in mind that if I should allow a dismissal of the bill against the defendant, and thus afford the defendant to go along in its customary course of business, not only may the present creditors of the defendant be prejudiced but the defendant might contract new debts and effect new creditors who may not be aware of the present financial condition of the defendant, and thus, perhaps in a very short time, perpetrate a fraud upon such parties by non-payment of their debts. I had in mind, before counsel for the defendant who now appears in court so frankly conceded the insolvency of the defendant, to refer to a master, pursuant to the provisions of chapter 207 of the laws of 1919, an inquiry as to whether the defendant is really *Page 53 
in such a financial condition as to warrant the court in declaring it insolvent and appoint a receiver, and with a view of ascertaining whether the defendant might extricate itself from the dilemma it now appears to be in, by bringing new money or credit to the corporation or making an arrangement with the creditors whereby the corporation will be exonerated from its present debts. Inasmuch, however, as counsel for the defendant has not seen fit to avail his client, the defendant, of the benefit of such inquiry, I deem it necessary for me to advise a decree to adjudge the defendant insolvent, and as heretofore stated I will advise such decree and appoint a statutory receiver. I avail myself of this opportunity of declaring for the benefit of all counsel here assembled, and others who may be interested, that the decision in the Achtel-Stetter Case need not be flaunted before this court as a deterrent against the appointment of a receiver for an insolvent corporation in a proper case. This court will regard the duty devolving upon it in matters of this kind to exercise its best judgment and its sound discretion in the performance of its duties. It has come to my attention that some ne'er-do-well corporations who have been practicing in this vicinity have been laying hold of the decision in the Achtel-Stetter Case with a view of terrorizing creditors, and in some instances lawyers, against prosecuting cases which may be regarded as proper cases for inquiry as to insolvency. A matter of this kind was called to my attention a few days ago by a solicitor for an insolvent corporation. The decision in the Achtel-Stetter Case should and will be observed by all courts and judges in so far as that case may be applicable. I have in mind, however, the cases of Bull v.International Power Co., 87 N.J. Eq. 1; Sullivan v. NewarkLunch Room Co., 89 N.J. Eq. 146; Fleming v. Fleming Hotel Co.,70 N.J. Eq. 509; Pierce v. Old Dominion, c., Smelting Co.,67 N.J. Eq. 399; Rawnsley v. Trenton Mutual Life Insurance Co.,9 N.J. Eq. 95. Notwithstanding that the complainant in the instant case is a $75 creditor of the defendant, it must be borne in mind that it is not only his grievance that must be regarded and protected by *Page 54 
the court, but the bill of complaint, being in the nature of a class bill, is not only for the benefit of the complainant but of all creditors and stockholders of the defendant. This court should not be used as a collection agency. This court will decline to permit the defendant to pay to the complainant the sum of $75, as offered in court, and thereupon dismiss the bill of complaint. The court feels that if it were to do so in this particular case, the defendant may, as I have stated, effect new credits with people who may know nothing at all about the financial condition of the defendant, which persons with whom the defendant may so deal may eventually lose the moneys they might have extended credit for, and a fraud be thus perpetrated upon them. The recent case of Liss v. Security Finance Co., Docket76 p. 677, clearly indicates the rule of law to be that in a class bill of the character now before the court a complainant and defendant may not, by agreement between themselves, effect a dismissal of the bill. The chancellor in said case declared: "The court has no jurisdiction to dismiss the causes, as the defendant companies are found to be hopelessly insolvent." Sections 69 and 70 of the Corporation act indicate how and under what circumstances an insolvent corporation may have restored to it its property. In the case of Rawnsley v. Trenton Mutual LifeInsurance Co., the court declared: "Where a creditor or stockholder comes into court under this act, it is not his particular grievance the court is to redress, or his individual interest that is to be protected; but the every object of the act is to protect the public at large from imposition, and to promote and secure the general interest of the stockholders and creditors." My purpose in stating, as I have, at this time, my reasons for the action which I am now taking, is that counsel who now appears for the defendant corporation has manifested that he was of the impression that the court should, because of the decision in the Achtel-Stetter Case, permit a dismissal of the bill of complaint herein and thus frustrate the purpose contemplated by the bill that the defendant be declared insolvent and a receiver appointed therefor. *Page 55